USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/22/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Jorge Rodriguez,

                    Plaintiff,

    -against-

Iris Cotto et al.,

                    Defendants.

1:23-cv-01350 (JGLC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    WHEREAS, this action was commenced by Plaintiff Jorge Rodriguez ("Plaintiff") by the filing of a Complaint on February 6, 2023 (Compl., ECF No. 1); and

    WHEREAS, Defendants Iris Cotto ("Cotto"), JGV Management Corp., Jay & M Corp., Josue Velazquez ("Velazquez") and Mott Haven LLC (collectively, the "Defendants") filed their Answer to the Complaint on April 3, 2023 (Answer, ECF No. 30); and

    WHEREAS, on May 9, 2023, the Court held an Initial Pretrial Conference and approved the parties' Case Management Plan, which provided that responses to initial requests for production of documents were due on June 19, 2023 and that the deadline for discovery was August 7, 2023 (Case Mgt. Plan, ECF No. 36, at pp. 2-3); and

    WHEREAS, pursuant to the Court's Endorsement on the Case Management Plan, the parties were directed to file a joint letter regarding the status of discovery on June 23, 2023 (*id*. at p. 5); and

    WHEREAS, the parties failed to timely file a joint letter on June 23, 2023, as required; and

WHEREAS, on June 30, 2023, the parties filed a joint letter stating, in part: "As of the date of this letter, Defendants have made a partial production of discovery material and have agreed to provide discovery responses and their Rule 26 initial disclosures by July 7, 2023." (6/30/23 Jt. Ltr., ECF No. 39); and

WHEREAS, the parties' June 30 joint letter requested an extension of the fact discovery deadline until September 1, 2023 (*id*.); and

WHEREAS, on June 30, 2023, the Court endorsed the parties' joint letter and granted an extension of the fact discovery deadline until September 1, 2023 (6/30/23 Order, ECF No. 40); and

WHEREAS, the Court's June 30 Endorsement noted that the parties' joint letter was delinquent and stated: "Failure to comply with future Court orders may result in sanctions." (*id*.); and

WHEREAS, the Court's June 30 Endorsement also directed that the parties file a joint letter regarding the status of discovery on July 31, 2023 (*id*.); and

WHEREAS, on July 31, 2023, Plaintiff's counsel filed a letter stating that he had made multiple attempts (*i.e.*, on July 20, 24, 26, 27, 28 and 31) to contact Defendants' counsel by emails and leaving messages with a person who answered Defendants' counsel's telephone line but had not heard back from Defendants' counsel (Pl.'s 7/31/23 Ltr., ECF No. 42); and

WHEREAS, Plaintiff's July 31 letter also stated that Defendants had failed to provide additional discovery responses and their Rule 26 initial disclosures by July 7, 2023, as Defendants previously had agreed (*id*.); and

WHEREAS, on August 1, 2023, the Court scheduled a telephone conference to be held on August 4, 2023 to address the failure of Defendants' counsel to cooperate in filing a joint letter, as required, and his failure to fully respond to discovery requests (8/1/23 Order, ECF No. 43 (Text Only)); and

WHEREAS, on August 4, 2023, the Court held a telephone conference during which Plaintiff's counsel appeared, but Defendants' counsel failed to appear (*see* 8/4/23 Order, ECF No. 44); and

WHEREAS, on August 4, 2023, the Court entered an Order stating: "No later than Tuesday, August 15, 2023, Defendants shall fully respond to Plaintiff's interrogatories and requests for production." (*id*. ¶ 1); and

WHEREAS, the August 4 Order also stated: "In the event of Defendants' failure to comply with their discovery obligations set forth herein, sanctions may be imposed against them, up to and including a recommendation that a default be entered against Defendants." (*id*. ¶ 3); and

WHEREAS, on August 28, 2023, the Court held a telephone conference with the parties (as scheduled in the August 4 Order (*id*. ¶ 2)), during which the Court was advised that Defendants still had not complied with their discovery obligations; and

WHEREAS, on August 28, 2023, the Court entered an Order stating in relevant part: "No later than Monday, September 11, 2023, Defendants shall fully respond to Plaintiff's interrogatories and requests for production, as set forth in the telephone conference. If Defendants fail to timely comply, sanctions **shall** be imposed against them." (8/28/23 Order, ECF No. 49, ¶ 1 (emphasis supplied)); and

WHEREAS, the August 28 Order extended the deadline for the completion of fact discovery to November 1, 2023 (*id*. ¶ 3); and

WHEREAS, on September 20, 2023, Plaintiff filed a Letter Motion to compel, stating that "Defendants have failed to make any response to Plaintiff's discovery requests and ignored repeated inquiries from counsel." (Pl.'s 9/20/23 Ltr. Mot., ECF No. 52); and

WHEREAS, in Plaintiff's Letter Motion, he requested that the Court order Defendants to pay Plaintiff's expenses incurred in connection with the motion (*id*.); and

WHEREAS, on September 20, 2023, the Court entered an Order scheduling a telephone conference for September 22 to address Plaintiff's Letter Motion (9/20/23 Order, ECF No. 53 (Text Only)); and

WHEREAS, the September 20 Order also stated that "[a]ny written response by Defendants to Plaintiff's Letter Motion shall be filed no later than 5 p.m. on Thursday, 9/21/2023." (*id*.); and

WHEREAS, on September 21, 2023, Defendants' counsel filed what he styled on the ECF docket as a "COUNTER LETTER MOTION for Discovery *EXTENSION*" (Defs.' 9/21/23 Ltr. Mot., ECF No. 54); and

WHEREAS, in his Letter Motion, Defendants' counsel stated that, after Labor Day, he learned that his individual clients (*i.e.*, Cotto and Velazquez) were on vacation and would be returning to New York "in the beginning of next week" and requested "some additional time to be able to confer with my clients upon their return to New York to provide the deficient discovery documents and certification." (*Id*.)

4

NOW, THEREFORE, it is hereby ORDERED as follows:

1. Plaintiff's Letter Motion (ECF No. 52) is GRANTED.

2. Defendants' counsel shall pay to Plaintiff no later than October 31, 2023 the reasonable expenses incurred in making the Letter Motion filed at ECF No. 52. *See* Fed. R. Civ. P. 37(a)(4)(A). No later than September 29, 2023, Plaintiff's counsel shall advise Defendants' counsel the amount of reasonable expenses they seek to recover. If Defendants' counsel objects to the amount, the parties promptly shall meet and confer and seek to come to agreement. If agreement cannot be reached, then the parties shall file a joint letter to the ECF docket no later than October 6, 2023, stating the parties' respective positions.

3. No later than October 2, 2023, Defendants shall fully respond to Plaintiff's interrogatories and requests for production, as set forth in the August 28 telephone conference. If Defendants fail to timely comply, sanctions shall be imposed directly against the Defendants, up to and including a recommendation that a default be entered against them.

4. Defendants' Letter Motion (ECF No. 54) seeking to extend an already-expired deadline is DENIED. Defendants and their counsel are required to abide by Court-imposed deadlines, or they shall be subject to sanctions, such as those imposed by this Order.

5. On Friday, October 13, 2023, the parties shall file a joint letter regarding the status of discovery. The parties are relieved of their obligation to file a joint letter on September 28, as the Court's prior Order (ECF No. 49) required.

6. The deadline for fact discovery remains Wednesday, November 1, 2023.

**SO ORDERED.**

Dated: New York, New York
       September 22, 2023

_____
STEWART D. AARON
United States Magistrate Judge